1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT McKELVY,                          No.  2:14-cv-1617-EFB P

12                    Petitioner,

13         v.                                   ORDER

14    KAMALA HARRIS,

15                    Respondent.

16

17         Petitioner is a former federal prisoner who is also facing pending charges in state court.

18    He proceeds in this action without counsel on a petition for a writ of habeas corpus pursuant to 28

19    U.S.C. § 2254.[1]  He has paid the filing fee.

20         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21    petition if it plainly appears from the petition and any attached exhibits that the petitioner is not

22    entitled to relief.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly

23    allows a district court to dismiss summarily the petition on the merits when no claim for relief is

24    stated").  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section

25    2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own

26

27         [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636;
28    *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

                                            1

1  motion under Rule 4.  However, the court should not dismiss a petition without leave to amend

2  unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v.*

3  *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).  For the reasons explained below, the petition is

4  dismissed without leave to amend, on the ground that the claim raised therein is neither

5  cognizable nor exhausted.[2]

6        Petitioner contends that while serving a prison term on a federal sentence, criminal

7  charges were pending against him in the Placer County Superior Court.  Petitioner filed a request

8  for final disposition of all charges pursuant to the Interstate Agreement on Detainers.  The

9  superior court allegedly refused to rule on petitioner's request and the state court of appeal denied

10  his petition for writ of mandamus.  Petitioner claims that the State of California and the Placer

11  County Superior Court have violated the Interstate Agreement on Detainers and his right to a

12  speedy trial.  As relief in this action, petitioner requests that the criminal charges pending against

13  him in the Placer County Superior Court be dismissed with prejudice.  Petitioner indicates that he

14  did not raise his claim in the California Supreme Court because "you cannot appeal the denial of a

15  mandamus petition to the California Supreme Court."  ECF No. 1 at 4.

16        An application for a writ of habeas corpus by a person in custody under a judgment of a

17  state court can be granted only for violations of the Constitution or laws of the United States.  28

18  U.S.C. § 2254(a).  Here, petitioner is asking the court to compel California to act pursuant to the

19  Interstate Agreement on Detainers and dismiss pending criminal charges against him.  He does

20  not claim to be "in custody in violation of the Constitution or laws or treaties of the United

21  States," and thus, fails to allege that a state court conviction or sentence violates the United States

22  Constitution.  For this reason, petitioner fails to assert a cognizable claim for federal habeas relief.

23        Moreover, a district court may not grant a petition for a writ of habeas corpus unless "the

24  applicant has exhausted the remedies available in the courts of the State," or unless there is no

25  State corrective process or "circumstances exist that render such process ineffective to protect the

26  rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

27

28      [2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

1  requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

2  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365

3  (1995).  For a California prisoner to exhaust, he must present his claims to the California

4  Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of

5  habeas corpus.  *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas

6  corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner

7  must present claims on appeal to California Supreme Court in a petition for review).  Unless the

8  respondent specifically consents to the court entertaining unexhausted claims, a petition

9  containing such claims must be dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

10      Here, petitioner concedes he has not exhausted his claim and does not purport to have

11  obtained from the respondent an express waiver of the exhaustion requirement.  Thus, petitioner

12  has failed to exhaust state court remedies, as the California Supreme Court has not yet had the

13  opportunity to resolve petitioner's claim on its merits.  *See Greene v. Lambert*, 288 F.3d 1081,

14  1086 (9th Cir. 2002).  This action must therefore be summarily dismissed.

15      Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without leave to

16  amend and the court declines to issue a certificate of appealability.

17  DATED:  April 27, 2015.

18

19                              EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

3